IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CORDELL MARTIN, <br><br> Plaintiff, <br><br> vs. <br><br> OMAHA PUBLIC POWER DISTRICT, <br><br> Defendant. | 8:17CV347 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56. Filing No. 46. Plaintiff, appearing pro se[1], brought this action alleging discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Filing No. 1. Plaintiff initially filed his complaint with the Nebraska Equal Employment Opportunity Commission on September 23, 2016. Thereafter, the Commission issued a right to sue letter.

**STANDARD OF REVIEW**

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

---

[1] Initially, counsel represented plaintiff. However, counsel withdrew on June 19, 2018, after termination by the plaintiff. Filing Nos. 34 and 36.

party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion, and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042, (8th Cir. 2011) (en banc) (quoting *Celotex*, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Id.* at 251.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

**BACKGROUND**

The plaintiff was at all material times herein an employee of Omaha Public Power District (hereinafter OPPD or defendant). Defendant hired plaintiff on September 9, 2013,

2

as a Nuclear Security Officer II at OPPD's Fort Calhoun Nuclear Station. This position required plaintiff to be armed. Plaintiff contends that at the time of his hiring he had anxiety and was treated for such. According to plaintiff, he has received anxiety medication in his course of treatment since 2012. Each year the employees are required to undergo a physical, wherein they must disclose all health conditions as well as all medications they are taking. At the time of his hire, plaintiff informed his training supervisor that he had anxiety and took Prozac. Plaintiff gave permission to permit his training supervisor to contact medical personnel to confirm this information. The Veteran's Administration PA, James Rose, was contacted and indicated plaintiff was stable. Plaintiff contends that Michelle Bentley (fitness for duty lead), Shonna Snow (fitness for duty lead), and Terri Herman (training supervisor) were aware of his condition, his medication, and his treatment. Plaintiff listed no anti-depression meds in his 2014 or 2015 physical. On June 28, 2016, James Rose wrote a letter explaining that in the course of plaintiff's treatment, he was prescribed Celexa, but that plaintiff may have mistakenly reported it as Prozac to the defendant. Both medicines are serotonin uptake inhibiters. Plaintiff contends reporting Prozac was a mistake, as the VA patients receive generic medicines and it is difficult for them to easily identify the exact medication.

The regulations require nuclear power plant operators to adopt procedures which ensure all individuals with unescorted access to nuclear facilities and all armed security personnel, such as plaintiff, working at nuclear facilities are "fit for duty." OPPD enacted policies and procedures to assure fitness for duty requirements and reporting of medication that could impair an employee's ability to safely do his or her job duties. OPPD argues that no medications were reported by plaintiff in 2014 or 2015. Further, Section

3

4.1.2 of SY-FC-102-206 specifically states that individuals must complete forms informing OPPD of medications "as soon as receiving any prescription or over-the counter medication or change in the dose or requirements associated with the medication…" ([Filing No. 47-2](Filing No. 47-2), S.J. Ex. 1-A, Plf. Dep., Ex. 4, 3.1). OPPD's policies required reporting of prescription medications. [Filing No. 47-3](Filing No. 47-3), S.J. Ex. 1-B, Childs Dep., 5:18-24, 6:21-7:3, 7:13-8:13.

On or about June 21, 2016, plaintiff's unescorted access to the Fort Calhoun Nuclear Power Station was revoked. Such revocation led to his termination. The basis of his termination was because he reported a change in his medication following his physical on June 14, 2016. Shonna L. Snow, stated in a June 21, 2016 letter that because plaintiff failed to report the fact that he was taking medication for anxiety for a period of three years prior to the June 14, 2016 physical that this reflected negatively on his trustworthiness and reliability.

**DISCUSSION**

In ADA cases, courts apply the Title VII burden-shifting analysis that the United States Supreme Court established in *[McDonnell Douglas v. Green](), 411 U.S. 792 (1973)*. *See [Burchett v. Target Corp.](), 340 F.3d 510, 516 (8th Cir. 2003)*. To establish a prima facie case under the ADA, Plaintiff must show the following: (1) he is "disabled" within the meaning of the ADA; (2) he is qualified to perform the essential functions of the job, either with or without reasonable accommodation; and (3) he has suffered an adverse employment action. *See [Burchett](), 340 F. 3d at 516*. If the plaintiff can establish a prima facie case of discrimination on the basis of a disability, the burden of proof then shifts to the employer to articulate legitimate nondiscriminatory reasons for its actions. *Burchett,*

4

340 F.3d at 516-17. Once the defendant has articulated a legitimate, non-discriminatory reason for its actions, the plaintiff carries the ultimate burden of proving that such reason is pretext for discrimination. *Id.* at 516, 519.

Plaintiff contends that he has a disability, anxiety, and without his prescribed medication, he could not function in major life activities within the meaning of 42 U.S.C. § 12102(1)(A). He further contends that he has a record of impairment under 42 U.S.C. § 12102(1)(B) as he reported his impairment at the time of hiring. Further, argues plaintiff, he was regarded by his supervisors as having anxiety under 42 U.S.C. § 12102(1)(C). When taking his medications, plaintiff contends he does not suffer from anxiety. He also contends that he is fully able to fulfill the job requirements of a Nuclear Security Officer II with his prescribed medication.

Defendant argues that plaintiff cannot establish a prima facie case of discrimination under the ADA. He cannot show he was qualified to perform the essential functions of the job, argues defendant, and he requested no accommodation from the plaintiff. Finally, defendant contends there is no evidence of pretext. Further, defendant contends that plaintiff said he was taking Prozac in 2013. However, he was not prescribed Prozac in August of 2013. He was taking a different anti-anxiety/anti-depressant drug. In 2014 and 2015, during his annual physical, plaintiff reported taking Cetirizine (10 mg) as well as an Albuterol inhaler and Pseudoephedrine (60 mg). He did not report that Citalopram (his anti-anxiety medication) for either year, although he had an active prescription for the same. In 2016 he reported taking Pseudoephedrine (240 mg), Cetirizine (10 mg), Tomulosin [sic] (.5 mg), Citalopram (40 mg), and Albuterol inhaler. The notes from his medical examination show that he had been taking Citalopram for three years. His failure

to comply with the reporting policy for medications is the reason his unescorted access authorization was revoked. Without this access he could no longer do his job duties.

With regard to a failure to accommodate, the defendant points out and the Court agrees that plaintiff cannot establish this claim. Plaintiff does not allege that he ever requested an accommodation. When alleging a failure to accommodate in violation of the ADA, a plaintiff must prove that he requested an accommodation. *Kallail v. Allant Energy Corp. Servs.*, 691 F.3d 925, 933 (8th Cir. 2012) (citing *Ballard v. Rubin*, 284 F.3d 957, 960 (8th Cir. 2002)).

For purposes of this motion, the plaintiff disclosed his anxiety to the defendant upon hire and he reported taking medications for this anxiety. It also seems that although he may have reported the wrong name initially of his medication, but both were Serotonin uptake inhibitors. The Court finds that plaintiff made out a prima facie case of disability based on his anxiety. Regarding whether plaintiff could perform the essential functions of his job, the Court finds that based on the evidence presented, plaintiff could clearly perform the job requirements and had apparently done so for a number of years. He stopped being able to do so following defendant's decision to disallow his ability to travel unescorted through the nuclear plant. Defendant has attempted to turn that particular issue into lack of qualifications to do the job. That begs the question in this case. Accordingly, the Court finds for purposes of this motion that plaintiff was qualified to do the job up and until he received the unescorted denial.

The burden shifts to OPPD to articulate a nondiscriminatory reason for its actions. The plaintiff's failure to report the correct medicine in the first instance and failure to report his anti-anxiety medications in 2014 and 2015 are the reasons given by OPPD for

6

plaintiff's ultimate termination. Plaintiff says he did not list this medication during those two years because it was not actively being taken on a daily basis. The Court finds that OPPD has articulated a non-discriminatory reason for terminating plaintiff's employment. He initially listed a wrong drug on his medical form. Thereafter, for the next two years, he failed to list his anti-depressant medication at all. The federal government has adopted regulations on nuclear power facilities wherein the employer must ensure that its employees are mentally and physically able to do so. This is particularly true, contends the defendant, for armed personnel with unescorted access to the nuclear facility. Such selective reporting clearly violated OPPD's policies. Thus, it is not the disability for which plaintiff was fired, it was his failure to disclose and untruthfulness that caused his termination. Plaintiff has shown no pretext in this regard. The Court finds there are no material disputed facts in this case. Further, the Court finds there is no basis upon which reasonable minds could differ as to the facts. The Court will grant the defendant's motion for summary judgment as a matter of law.

THEREFORE, IT IS ORDERED THAT defendant's motion for summary judgment, Filing No. 46, is granted. A separate judgment will be entered in accordance with this memorandum and order.

Dated this 4th day of January, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge